IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BRANCH BANKING & TRUST CO.,      )
                                 )
        Plaintiff,               )
                                 )
        v.                       )      1:16cv555(JCC/JFA)
                                 )
CHRISTOPHER M. OKAY,             )
                                 )
        Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on Defendant
Christopher M. Okay's ("Defendant" or "Okay") Motion to Dismiss
for Improper Venue, or in the Alternative, Transfer the Action[1]
[Dkt. 2], and Plaintiff Branch Banking and Trust Company's
("Plaintiff" or "BB&T") Motion to Remand [Dkt. 6].  For the
following reasons, the Court denies Defendant's Motion to
Dismiss for Improper Venue, denies Plaintiff's Motion to Remand,
grants Defendant's Motion to Transfer, and transfers the action
to the Western District of Virginia, Harrisonburg Division.

**I. Background**

At the motion to dismiss stage, the Court must read
the complaint as a whole, construe the complaint in a light most

---

[1]     For ease of reference, the Court will occasionally treat
this motion as two distinct motions, "Defendant's Motion to
Dismiss for Improper Venue" and "Defendant's Alternative Motion
to Transfer," based on the distinct forms of relief requested.

favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The following facts, taken from Plaintiff's Complaint [Dkt. 1-4], Plaintiff's Amended Complaint [Dkt. 11], Defendant's Notice of Removal [Dkt. 1], and the parties' briefs are taken as admitted only for purposes of the motions now before the court.

On or about August 22, 2007, Defendant and Former Defendant Priscilla M. Okay submitted a retail loan application seeking a line of credit from Plaintiff in the amount of $101,000.00. (Compl., ¶ 4.) Plaintiff is a banking corporation with its principle offices in Winston-Salem, North Carolina. (Notice of Removal, ¶ 12.) The Application was approved and Plaintiff granted Defendant and Priscilla M. Okay a line of credit with the maximum credit limit of $101,000.00. (Compl. at ¶ 5.) This loan is evidenced by a BB&T Tax Advantage Credit Line Agreement and Initial Disclosure Statement (the "Tax Advantage Credit Line"). (*Id.* at ¶ 6.) At the time the parties entered into the Tax Advantage Credit Line, Defendant was employed by Plaintiff as an attorney at its corporate headquarters in Winston-Salem, North Carolina. (Def.'s Mem. in Supp. [Dkt. 3], at 2.) The loan was secured by a security interest in real property and improvements at 216 Hollow Tree Court, Winston-Salem, North Carolina 27127 (the "Hollow Tree Property") for the benefit of Plaintiff. (Compl., ¶ 8.)

2

Plaintiff's security interest was recorded among the Land Records of Davidson County, North Carolina as a Deed of Trust. (*Id.*)

By October 14, 2014, Defendant had entered into default on the Tax Advantage Line of Credit and Plaintiff notified him that failure to cure the default could result in acceleration of the entire balance due. (*Id.* at ¶ 10.) On April 1, 2015, Plaintiff notified Defendant that it had elected not to pursue foreclosure and would be releasing the lien on the Hollow Tree Property, but would not be releasing Defendant from his liability on any amounts due and owing under the Tax Advantage Line of Credit. (*Id.* at ¶ 11.)

On August 19, 2015, Plaintiff filed this suit against Defendant and Former Defendant Priscilla Okay in the Circuit Court for Arlington County, Virginia seeking the outstanding balance under the Tax Advantage Line of Credit, prior accrued interest, and reasonable attorney's fees as provided for by the Tax Advantage Line of Credit. (*Id.*, ¶ 15.) On or about October 9, 2015, Plaintiff settled its claim against Former Defendant Priscilla Okay for the sum of $25,000.00. (Am. Compl., ¶ 15.) Defendant was not served with this lawsuit until April 18, 2016. (Notice of Removal, ¶ 4.) When the lawsuit was filed, and when Defendant received service of process, he lived in Staunton, Virginia. (*Id.*)

3

On May 18, 2016, Defendant removed the action to this Court from the Circuit Court for Arlington County pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  (*Id.*)  Defendant then filed his Motion to Dismiss for Improper Venue or in the Alternative, Transfer the Action on May 25, 2016.  Defendant noticed a hearing on his Motion for August 4, 2016.  Plaintiff has not filed any opposition to Defendant's Motion.  Plaintiff did, however, file a Motion to Remand on June 23, 2016.  (Pl.'s Mot. to Remand [Dkt. 6].)  Defendant filed his Opposition to Plaintiff's Motion to Remand on July 5, 2016.  At the August 4, 2016 hearing the Court addressed both Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Transfer the Action and Plaintiff's Motion to Remand.  Both Motions are now ripe for decision.

## II. Legal Standard

### A. Plaintiff's Motion to Remand

Plaintiff moves to remand this action back to the Circuit Court for Arlington County pursuant to Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1447(c).

Civil actions over which a federal court would have original jurisdiction can be removed by the defendant from state court to the appropriate federal district court pursuant to 28 U.S.C. § 1441.  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Mulcahey v. Columbia*

4

*Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)(citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted).

Federal courts have original jurisdiction over civil actions between citizens of different States provided that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(a). When determining the amount in controversy for purposes of diversity jurisdiction, courts must look to the complaint as it existed at the time of removal.  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Alabama Great S. Ry. Co. v. Thompson* 200 U.S. 206, 215 (1906).  The court looks to the amount asserted in good faith in the plaintiff's complaint at the time of removal, and will only question this number where "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957).  The legal impossibility must be "so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981)(quoting *St. Paul Mercury Indemnity Co.*, 240 F.2d at 426).

Although attorney's fees are generally not included in the amount in controversy calculation, "courts have created two

5

exceptions to this rule: '(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013)(quoting *15-102 Moore's Federal Practice*, Civil § 102.106(6)(a)).

### B. Defendant's Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) permits the defendant to challenge the plaintiff's choice of venue in a pre-answer motion.  When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper.  *T. and B. Equip. Co., Inc. v. RI, Inc.*, No. 3:15-cv-337, 2015 WL 5013875, at *2 (E.D. Va. Aug. 24, 2015).  "[I]f no evidentiary hearing is held, 'the plaintiff need only make a prima facie showing of venue.'"  *Id.* (quoting *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).  "The court need not accept the pleadings as true, but instead may consider outside evidence. However, the Court must still draw all inferences in favor of the plaintiff."  *Id.* (citations omitted).

When a plaintiff brings a case in an improper venue, the district court may dismiss the action or transfer it "to any district in which it could have been brought" if such transfer is "in the interest of justice."  28 U.S.C. § 1406(a).

When an action is removed from state court to federal court, § 1441(a) expressly provides that the proper venue of a

6

removed action is "the district court of the United States for
the district and division embracing the place where such action
is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663,
666 (1953)(quoting 28 U.S.C. § 1441(a)).

### C. Defendant's Alternative Motion to Transfer

Where venue is proper, but convenience and the
interests of justice impel the use of either another proper
venue in which the action "might have been brought" or a
"district or division to which all parties have consented," the
court may transfer the case to that district and division
pursuant to 28 U.S.C. § 1404(a).  *See Brock v. Entre Computer
Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

### III. Analysis

As a challenge to the exercise of this Court's subject
matter jurisdiction, the Court must first resolve Plaintiff's
Motion to Remand before turning to Defendant's Motion to Dismiss
for Improper Venue and then, finally, to Defendant's Alternative
Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

### A. Plaintiff's Motion to Remand

Plaintiff moves to remand this action on the grounds
that the amount in controversy is now below the $75,000
jurisdictional floor established by 28 U.S.C. § 1332(a).[2]

---

[2]     Defendant in this action is a citizen of Virginia.  The
forum-defendant rule prohibits removal based solely on diversity

Plaintiff argues that because "prior to the removal of this action to this Court, Plaintiff settled with former Defendant Priscilla Okay for $25,000," the principal balance now in controversy in this action is "$65,881.34, an amount less than the $75,000 jurisdictional amount." (Pl.'s Mem. in Supp. [Dkt. 5-2] at 1.)  While Plaintiff admits that its Complaint did not reflect this settlement at the time of removal, it has since amended its complaint to reflect that it now only seeks

---

jurisdiction when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, Plaintiff has failed to raise the forum-defendant rule in its motion to remand or any of their other filings, relying solely on its argument regarding the amount in controversy.  At least ten courts of appeals have concluded that the forum-defendant rule is purely procedural, and may therefore be waived.  *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) ("[T]he forum-defendant rule is not jurisdictional and may therefore be waived."); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *Young Kim v. Nat'l Certification Comm'n for Acupuncture & Oriental Med.*, 888 F. Supp. 2d 78, 82 (D.C. Cir. 2012); *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009); *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *Handelsman v. Bedford Village Assoc. Ltd P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987).  *But see Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (adhering to interpretation of forum-defendant rule as jurisdictional).  Although the Fourth Circuit has not considered whether the forum-defendant rule is procedural or jurisdictional, "it appears that if faced with the issue . . . the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011).

"$65,881.34, plus prior accrued interest of $1,723.64, plus costs and reasonable attorney fees." (Am. Compl. [Dkt. 11], ¶ 17). The Amended Complaint further notes that the Tax Advantage Credit Line provides that in the event of default, Defendant is responsible for "reasonable attorney fees of 15% of the outstanding balance." (*Id.*)

Plaintiff is essentially arguing that its Amended Complaint destroys this court's jurisdiction by reducing the amount in controversy to below the jurisdictional floor of $75,000. It is well settled law, however, that in cases which are removed on the basis of 28 U.S.C. § 1332 diversity jurisdiction, it is the complaint *as it exists at the time of removal* which determines the amount in controversy, and no later amendment of the complaint can destroy jurisdiction by reducing the amount in controversy below the jurisdictional floor. *See St. Paul Mercury Indemnity Co.*, 303 U.S. at 292 (1938). Plaintiff cites to *Dover v. Medstar Wash. Hosp. Ctr., Inc.*, 989 F.Supp.2d 57 (D.D.C. 2013) as supporting its position that a later amendment of the complaint can serve to clarify that the amount in controversy does not rise to the jurisdictional amount, but the action in *Dover* had been removed on the basis of 28 U.S.C. § 1331 federal question jurisdiction. *Dover* offers no guidance whatsoever on how federal courts should determine the amount in controversy for purposes of diversity jurisdiction.

Case 1:16-cv-00555-JCC-JFA   Document 13   Filed 08/23/16   Page 10 of 16 PageID# 255

In order for Plaintiff's settlement with Priscilla Okay for $25,000 to bring the amount in controversy below the jurisdictional amount, the settlement must create "a legal certainty that the plaintiff cannot recover the jurisdictional amount." *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957). In that respect, Plaintiff's Amended Complaint is instructive, but not binding, as to the effect of the settlement on Plaintiff's legal ability to recover up to the jurisdictional amount on their original Complaint at the time of removal.[3] Accepting Plaintiff's own calculation of the amount it could legally recover against Defendant after the settlement with Priscilla Okay, Plaintiff's claim would have been valued at $65,881.34 plus $1,723.64 in prior accrued interest, plus reasonable attorney's fees at the time of removal.  The prior accrued interest is not considered in calculating the amount in controversy for jurisdictional purposes.  *See* 28 U.S.C. § 1332(a).  The attorney's fees, on the other hand, may be considered as part of the amount in controversy for jurisdictional purposes in this case.

Attorney's fees are included in the jurisdictional amount in controversy calculation in two circumstances: "(1) if

---

[3]    Plaintiff settled with Priscilla Okay before the notice of removal had been filed.  The effect of the settlement on Plaintiff's ability to recover the amount asserted in its original Complaint therefore existed at the time of removal.

the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees." *Francis*, 709 F.3d at 368 (quoting *15-102 Moore's Federal Practice*, Civil § 102.106(6)(a)).  The first of those circumstances occurs here.

The Tax Advantage Credit Line provides that reasonable attorney's fees may be recovered, and The Tax Advantage Credit Line further provides that reasonable attorney's fees should be calculated as 15% of the outstanding balance.  (Ex. 2 at ¶ 20.) Such an arrangement is clearly valid under North Carolina law, which provides that "obligations to pay attorneys' fees upon any note, conditional sale contract, or other evidence of indebtedness . . . shall be valid and enforceable."  N.C. Gen. Stat. § 6-21.2 (1967, as amended).  The same statute goes on to provide that "[i]f such note, conditional sale contract, or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the 'outstanding balance' as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said 'outstanding balance.'"  *Id*.

Under Plaintiff's own analysis of the case, the "outstanding balance" remaining after the settlement with Priscilla Okay is $65,881.34.  The parties have agreed by contract that attorney's fees calculated as 15% of the outstanding balance are presumptively reasonable in this case.

While the Court may later decide that reasonable attorney's fees are in fact lower than 15% of the outstanding balance, this case is sufficiently complex that the Court cannot say that it is a legal certainty that reasonable attorney's fees will be lower than 15% of the outstanding balance.  Calculated as 15% of the outstanding balance of $65,881.34, attorney's fees in this case would come to $9,882.20.  The jurisdictional amount in controversy in this case is therefore at least $75,763.54, calculated as the outstanding balance of $65,881.34 plus $9,882.20 in attorney's fees as provided for in the contract. Therefore, even accepting Plaintiff's assertions regarding the effect of the settlement with Priscilla Okay on its claim against Defendant, the complaint still meets the jurisdictional amount in controversy requirements.   Accordingly, the Court denies Plaintiff's Motion to Remand.

## B. Defendant's Motion to Dismiss for Improper Venue

Defendant first requests dismissal pursuant to 28 U.S.C. § 1406(a).  Section 1406(a) requires district courts to dismiss a case brought in an improper venue or, "if it be in the interest of justice," transfer such a case to a division and district where venue would be proper.  28 U.S.C. § 1406(a). Defendant contends that venue in this district is improper under 28 U.S.C. § 1391, so the Court must dismiss the action or transfer the case to either the Middle District of North

12

Carolina, or the Western District of Virginia, where he concedes venue would be proper.  (Def.'s Mem. in Supp. [Dkt. 3] at 3-10.)

Because Plaintiff has failed to file any opposition to Defendant's Motion to Dismiss, the court "is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *White v. Wal Mart Stores, Inc.*, Civil Action No. ELH-13-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014)(quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)).  The district court "also has discretion to decline to 'grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit.'"  *Brown-Henderson v. Capital One, N.A.*, Civil Action No. DKC-13-3324, 2014 WL 3778689, *1 (D. Md. July 29, 2014)(quoting *White*, 2014 WL 139609, at *2).  Here, the court exercises that discretion and declines to grant the motion to dismiss pursuant to § 1406(a) as it is plainly lacking in merit.

Had Plaintiff initially filed this action in this Court, the propriety of venue here would have been dubious at best.  But Plaintiff did not initially bring this action in this Court.  This case was brought before this Court by Defendant's removal of the action from Arlington County Circuit Court.  When an action is removed from state court to federal court, "Section 1441(a) expressly provides that the proper venue of a removed

13

action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953)(quoting 28 U.S.C. § 1441(a)).  "Thus, 28 U.S.C. § 1391 'has no application' to actions that are removed." *American Ins. Marketing Corp. v. 5 Star Life Ins. Co.*, 958 F.Supp.2d 609, 613 (D. Md. 2013)(quoting *Polizzi*, 345 U.S. at 665-66).  To determine the propriety of venue in an action which has been removed to federal court, the Court need only determine whether the action has been removed to the district court "'for the district and division embracing the place' where the suit was filed originally." *Id.*

      This action was originally filed in the Circuit Court for Arlington County.  That court, located in Arlington, Virginia, lies within the geographical purview of this district and division.  Because this action was removed to the district and division embracing the Circuit Court for Arlington County, where the suit was originally filed, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).  Accordingly, the Court denies Defendant's Motion to Dismiss for Improper Venue pursuant to 28 U.S.C. § 1406.

## C. Defendant's Motion to Transfer Pursuant to § 1404

      In the alternative, Defendant has requested transfer to the Middle District of North Carolina or the Western District

of Virginia as superior venues for this action pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  At oral argument, the parties consented to transfer to the Western District of Virginia, Harrisonburg Division in the event that this Court found that neither remand pursuant to 28 U.S.C. § 1447 nor dismissal pursuant to 28 U.S.C. § 1406 were appropriate.  Both parties further manifested that the Western District of Virginia would be far more convenient for all parties and witnesses in this case.  Because the Court has found that neither remand nor dismissal is warranted in this case, the Court transfers the case to the Western District of Virginia, Harrisonburg Division as per the parties' consent.

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Remand, denies Defendant's Motion to Dismiss for Improper Venue, grants Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a), and transfers the case

to the Western District of Virginia, Harrisonburg Division. An

appropriate Order shall issue.


                                           /s/
_____

August 23, 2016                James C. Cacheris
Alexandria, Virginia       UNITED STATES DISTRICT COURT JUDGE